UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIAN BREDELL MITCHELL,

               Petitioner,                        CASE NO.:  04-CV-40301-FL
                                            CRIM. NO.:  00-CR-50040-FL

vs.

                                            HON. PAUL V. GADOLA
                                            MAG. JUDGE WALLACE CAPEL, JR.

UNITED STATES OF AMERICA,

               Respondent.
_____/

## REPORT AND RECOMMENDATION

## I.     INTRODUCTION

This matter is before the Court on Petitioner Darian Bredell Mitchell's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255," filed on October 18, 2004.  Respondent, the United States of America, filed a "Response to Motion Under 28 U.S.C. § 2255," on November 17, 2004. Petitioner filed a responsive brief on December 6, 2004.  On February 17, 2005, Petitioner asked the Court not to rule on his 28 U.S.C. § 2255 Motion.  On June 24, 2005, Petitioner filed a "Supplemental Brief in Support of Motion under 28 U.S.C. § 2255."

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner seeks to reduce his one hundred and twenty months prison sentence imposed by the district court on May 29, 2001, following his guilty plea on February 6, 2001.  On June 7, 2001, Petitioner field a timely appeal to the Sixth Circuit Court of Appeals and on May 15, 2003, the Sixth Circuit issued an order vacating Petitioner's sentence and remanding to the district court for resentencing.  On October 16, 2003, a sentencing hearing was held before the Honorable Paul V.

1

Gadola and an amended Judgment and Commitment Order was entered, wherein Petitioner pleaded guilty to Count One, 21 U.S.C. §§ 846 and 841(a)(1); Counts Two and Three were dismissed.

Specifically, Petitioner's Motion alleges: (1) that his sentence violated the Sixth Amendment right to trial by jury under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); and (2) he was denied effective assistance of counsel.[1] In its Response, the United States of America contends that Petitioner's Motion is without merit because it relies on cases that are not retroactive to his case.[2] In Petitioner's reply to the Respondent's Response, he essentially reiterates his prior claims.[3] Petitioner also asked the Court in his reply to wait until United States v. Booker, __ U.S. __, 125 S.Ct. 738 (2005) was decided to rule on his § 2255 Motion.[4] He again asked the court to wait to rule until the aforementioned cases were decided in another motion. In Petitioner's supplemental motion, he again reiterates his earlier claims and then adds that he was unconstitutionally sentenced under 21 U.S.C. §§ 846 and 841(a)(1) because he was sentenced "to crack cocaine instead of cocaine powder."[5] Further, he argues that "Project Safe Neighborhoods," was used against him in violation of the Sixth Amendment.[6]

---

[1]Petitioner Darian Bredell Mitchell's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255," filed on October 18, 2004 (hereinafter "Petitioner's Brief").

[2]Respondent's "Response to Motion Under 28 U.S.C. § 2255," filed November 17, 2004 (hereinafter "Respondent's Brief").

[3]"Petitioner's Reply to Government's Response," filed December 6, 2004 (hereinafter "Petitioner's Reply").

[4]Petitioner's "Motion for this Court Not to Rule on 2255 Motion," filed February 17, 2005.

[5]Petitioner's "Supplemental Brief in Support of Motion under 28 U.S.C. § 2255" (hereinafter "Petitioner's Supplemental Brief"), filed June 24, 2005, at page "7."

[6]Petitioner's Supplemental Brief at page "11."

### III.   **STANDARD OF REVIEW**

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect of influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638, 113 S.Ct. 1710, 1721-1722 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)(citing Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468 (1962)). Section 2255 requires that a district court hold an evidentiary hearing[7] to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995).

### IV.   **ANALYSIS**

#### A.   **Procedural Default**

Respondent alleges that Petitioner is attempting to raise claims regarding the firearm-possession allegation and that "the facts supporting the firearm enhancement were found by the sentencing judge by a preponderance-of-the-evidence" for the first time on collateral review.[8] It is well settled law that the failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255. See United States v. Frady, 456 U.S. 152, 164-165, 167 (1982); Napier v. United States, 159 F.3d 956 (6th Cir. 1998). "The Frady cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." Regalado v. United States, 334 F.3d 520, 527-28 (6th Cir. 2003) (quoting Ratliff v. United States, 999 F.2d

---

[7]The Court has determined that an evidentiary hearing is not necessary in this case.

[8]Respondent's Brief at pages 9-10.

1023, 1025 (6th Cir.1993)).  Therefore, Petitioner's arguments are barred because they were not raised on direct appeal.[9]

However, he could overcome the default in this case, but "he must first demonstrate either 'cause and actual prejudice,' e.g., Murray v. Carrier, 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1987), or that he is 'actually innocent,' id., at 496, 106 S.Ct. at 2649."  Bousley v. United States, 523 U.S. 614, 615, 118 S.Ct. 1604, 1607 (1998).  He fails to do so.  Petitioner argues that cause is established because he had ineffective assistance of counsel.  However, he only mentions his trial counsel and never mentions his appellate counsel, the party who would be responsible for raising the issues on appeal.

Further, although he contends that he is actually innocent because he did not admit to the conduct which enhanced his sentence and no such facts were found by a jury, this is insufficient.  "[A]ctual innocence" means factual innocence, not mere legal insufficiency."  Bousley, 523 U.S. at 623-24, 118 S.Ct. at 1611 (citation omitted).  "In order to prove 'actual innocence,' [Petitioner] must show that, in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'"  Luster v. United States, 168 F.3d 913, 915 (6th Cir. 1999).  Petitioner fails to meet this standard.

Additionally, Petitioner is procedurally defaulted regarding his claims raised in his Supplemental Brief.  A review of the May 15, 2003, Sixth Circuit Court of Appeals' Order reveals that he did not raise claims regarding his sentence "to crack cocaine instead of cocaine powder,"[10] or that "Project Safe Neighborhoods" was used against him in violation of the Sixth Amendment[11] in his appeal to the Sixth Circuit on June 7, 2001, or thereafter.  He does not assert cause and prejudice or

---

[9]Petitioner's Brief at pages 3, 7-8.

[10]Petitioner's Supplemental Brief at page "7."

[11]Petitioner's Supplemental Brief at page "11."

4

actual innocence in terms of these claims in his Supplemental Brief; therefore, a discussion of same is unnecessary as he has waived the argument.[12]

### B.    Retroactivity

Apprendi, Blakely, Booker, and FanFan were decided in 2000, 2004, and 2005 respectively. Petitioner was sentenced on May 29, 2001, and resentenced on October 16, 2003. The Sixth Circuit has ruled that Booker may not be retroactively invoked in initial §2255 petitions. Humphress v. United States, 398 F.3d 855 (6th Cir. 2005). Similarly, claims that a sentence was imposed in violation of Blakely are now governed by the intervening decision in Booker. Humphress, 348 F.3d at 860.[13]

Apprendi does not apply retroactively either. Goode v. United States, 305 F.3d 378, 384-85 (6th Cir. 2002). However, Petitioner was sentenced in 2001 and 2003, after Apprendi. In Apprendi, the Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be proven beyond a reasonable doubt. Under Apprendi, a judge may use a preponderance of the evidence standard in making a finding as to quantity as long as the sentence does not exceed the statutory maximum. Harris v. U.S., 536 U.S. 545, 558 (2002); see also U.S. v. Leachman, 309 F.3d 377, 383 (6th Cir. 2002). Therefore, Apprendi only applies if a fact increases the penalty for a crime beyond the prescribed statutory maximum, Harris, 536 U.S. at 558; and Petitioner was sentenced to one hundred and twenty months, or ten years, the mandatory statutory *minimum*. 21 U.S.C. 841(b). Petitioner argues that this is improper under Blakely.[14] However, as previously stated, Blakely is not retroactive, so further analysis on the point

---

[12]Petitioner does assert "prejudice" at one point in his Supplemental Brief; however, he simply states, "[t]he result would have been different and I now show prejudice." Petitioner's Supplemental Brief at page "7." This is insufficient.

[13]Therefore, Petitioner's Motion for the court to wait until these cases have been decided, filed February 17, 2005, is DENIED.

[14]Petitioner's Brief at page 3.

5

would be futile.  <u>Humphress</u>, 348 F.3d at 860.  Therefore, his argument fails.[15]

### C.    Ineffective Assistance of Counsel

Petitioner's separate claim regarding ineffective assistance of counsel is timely even though

it was not raised on direct appeal.

> "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." <u>United States v. Daniel</u>, 956 F.2d 540, 543 (6th Cir.1992); <u>see also</u> <u>Massaro v. United States</u>, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) (ineffective-assistance-of-counsel claims may and should be brought in 28 U.S.C. § 2255 proceeding).

<u>U.S. v. Foster</u>, 376 F.3d 577, 593 (6th Cir. 2004).

Petitioner alleges that he was denied effective assistance of counsel at trial.[16]  To show that he

was denied the effective assistance of counsel under federal constitutional standards, a defendant must

demonstrate that, considering all the circumstances, counsel's performance fell below the objective

standard of reasonableness and so prejudiced defendant that he was denied a fair trial and a reasonable

probability exists that, but for counsel's conduct, the result would have been different.  <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668, 693 (1984).  Federal court review presumes that an attorney is competent

and the burden rests upon the defendant to show a constitutional violation.  <u>United States v. Pierce</u>,

62 F.3d 818, 833 (6th Cir. 1995).  Moreover, a strong presumption exists that counsel's behavior lies

---

[15]Additionally, even if Petitioner were entitled to bring an "<u>Apprendi</u> claim, []he nonetheless would need to show cause and prejudice as to why []he did not pursue this claim in the district court or on direct appeal."  <u>Regalado</u>,  334 F.3d at 527-28.  Alternatively, he could assert actual innocence.  <u>Id.</u>  Petitioner argues that the constitutional standard of proof beyond a reasonable doubt and his counsel's failure to invoke same constitutes "cause."  This is insufficient.  <u>See</u> <u>Elzy v. United States</u>, 205 F.3d 882, 886 (6th Cir. 2000) (holding that Petitioner's allegation that "counsel's failure to raise the issue either at sentencing or on direct appeal constitutes ineffective assistance of counsel and demonstrates both cause and prejudice under the <u>Frady</u> test" is insufficient where he failed to raise issue of counsel's efficacy prior to his §2255 motion).  After reviewing the *only* Sixth Circuit opinion on direct appeal by Petitioner, it does not appear that Petitioner has raised an ineffective assistance of counsel claim prior to the present motion.  Therefore, he has not shown cause for failure to raise an <u>Apprendi</u> challenge.  <u>Elzy</u>, 205 F.3d at 886.

[16]Petitioner's Brief at pages 5-9.

6

within the wide range of reasonable professional assistance. O'Hara v. Wigginton, 24 F.3d 823, 827 (6th Cir. 1994).

Essentially, Petitioner argues that his counsel should have insisted on going to trial and further, he failed to bring Apprendi to the attention of the district court judge.[17] "In claiming ineffective assistance of counsel in the context of a guilty plea, [Petitioner] must show that his counsel's performance was deficient and that the deficient performance caused [Petitioner] to reach a different decision regarding his plea." Nagi v. United States, 90 F.3d 130, 134-35 (6th Cir. 1996) (citing O'Hara, 24 F.3d at 828; Strickland v. Washington, 466 U.S. 668). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Sullivan v. United States,  11 F.3d 573, 576 (6th Cir. 1993).

First, Petitioner was given two chances to go to trial and both times he chose to enter guilty pleas.  He entered in a plea agreement, pleaded guilty, then appealed his conviction, in part, arguing that he was not allowed to withdraw his guilty plea when his sentence deviated from same. United States v. Mitchell, 63 Fed.Appx. 224, 230 (6th Cir. 2003).[18]  The Sixth Circuit Court of Appeals held

> we **VACATE** Mr. Mitchell's sentence and **REMAND** for a new sentencing hearing at which the district court may accept the plea agreement and sentence Mr. Mitchell in accordance with the parties' agreement or reject that agreement and afford Mr. Mitchell the protections prescribed by Rule 11(c)(5) of the Federal Rules of Criminal Procedure.

Mitchell, 63 Fed.Appx. at 231.  The decision also discussed the contents of the plea agreement and Petitioner points to no evidence that he misunderstood it at either sentencing or as discussed by the Sixth Circuit.  He does not assert that his plea was other than knowing and voluntary; therefore, the

---

[17]Petitioner's Brief at page 7.

[18]Respondent's Brief, Attachment A.

7

argument should be forfeited.[19]  Hunter v. United States,  160 F.3d 1109, 1115-16 (6th Cir.1998) (citing Brady v. United States, 397 U.S. 742, 755, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

Nevertheless, an Apprendi claim would fail in this case.[20]  Therefore, Petitioner would be unable to show that the result would have been different under Strickland.  Further, it is essentially Petitioner's argument, as the Respondent indicates,[21] that his counsel should have "argued that the court could not sentence his client under the preponderance of evidence standard to enforce the arbitrary [sentencing] enhancement."[22]  The issue boils down to a Blakely challenge.

Petitioner explicitly alleges in his Reply that his counsel failed to make "Blakely-type objections."[23]  However, as Respondent points out, Petitioner's sentencing was more than three years prior to the Blakely decision and

> Even his re-sentencing after appeal occurred on October 16, 2003, more than eight months before Blakely.  An attorney is not ineffective because he failed to anticipate a future court ruling and make the appropriate motions.  "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim

---

[19]He argues that "there was not any testimony or evidence presented that would prove that he possessed a firearm in connection with his instant offense."  Petitioner's Brief at page 7.  However, [t]he transcript of the sentencing hearing demonstrates that the district court considered the circumstances of the firearm's discovery and its proximity to a large quantity of cash and a quantity of cocaine powder before determining that the firearm was possessed in connection with a drug-trafficking offense that constituted relevant conduct for sentencing purposes.  While those factual matters were included in the presentence report, they were also uncontested.  Appellant does not contend on appeal that he requested an evidentiary hearing in order to introduce evidence to demonstrate that the firearm was not found in his apartment or in proximity to cash and drugs.  The district court did not simply adopt factual assertions included in the presentence report but accepted facts that were uncontroverted and then drew what it considered the appropriate conclusions from those facts.  Its actions did not run afoul of Rule 32(c)(1).  Mitchell, 63 Fed.Appx. 229-30.

[20]See Section B., infra, at page 5, n.12.

[21]Respondent's Brief at pages 13-14.

[22]Petitioner's Reply at page 4; see also Petitioner's Brief at page 7.

[23]Petitioner's Response at page 5.

despite recognizing it, does not constitute cause for a procedural default." <u>Murray v. Carrier</u>, 477 U.S. 478, 486-88 (1986).[24]

**V.**      <u>**CONCLUSION**</u>

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be

**DENIED.**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the

parties are hereby notified that within ten days after being served with a copy of this recommendation

they may ser ve and file specific, written objections to the proposed findings and recommendations.

Further, either party may respond to another party's objections within ten days after being served with

a copy thereof.  The parties are further informed that failure to timely file objections may constitute

a waiver of any further right of appeal to the United States Court of Appeals. <u>United States v. Walters</u>,

638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the

Court, in its discretion, may enlarge the period of time in which to file objections to this report.


                                        <u>s/Wallace Capel, Jr.</u>
                                        **WALLACE CAPEL, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

**Date:**   <u>September 29, 2005</u>

---

[24]Respondent's Brief at page 14.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on <u>September 29, 2005</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>James C. Mitchell, Assistant United States Attorney, 210 Federal Building, 600 Church Street, Flint, Michigan 48502, Federal Defender's Office, 653 S. Saginaw Street, Suite 105, Flint, Michigan 48502, and Shaun R. Marks, 653 S. Saginaw Street, Suite 216, Flint, Michigan 48502</u>.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Darian Bredell Mitchell, #28207-039, FCI Milan, P. O. Box 1000, Milan, Michigan 48160</u>.

<u>s/James P. Peltier</u>
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov
